**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DOROTHY LEWIS,

      Plaintiff-Appellant,

v.

KANSAS DEPARTMENT OF
REVENUE; KANSAS
DEPARTMENT OF LABOR,

      Defendants-Appellees.

No. 05-3313
(D.C. No. 05-CV-2072-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

Plaintiff-Appellant Dorothy Lewis appeals the district court's dismissal of

her 42 U.S.C. § 1983 complaint against the Kansas Department of Revenue

(KDOR) and the Kansas Department of Labor (KDOL) which alleged the agencies

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

violated her civil rights when they applied tax refunds owed to Ms. Lewis by the KDOR for tax years 2001 through 2003 to a debt Ms. Lewis owed to the KDOL.[1]

Ms. Lewis' complaint asked for $400,000 in "monetary relief" and $150,000 in "punitive damages." Holding that neither the KDOR or the KDOL were "persons" under 42 U.S.C. § 1983 and that the Eleventh Amendment barred Ms. Lewis' complaint, the district court dismissed the complaint for lack of jurisdiction. Ms. Lewis appeals.

We review de novo the district court's dismissal of Ms. Lewis' complaint on the ground that the KDOL and the KDOR had Eleventh Amendment immunity. *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003). We have carefully examined the parties' materials, the record, and the law in this case. Ms. Lewis presents no coherent argument on appeal to support her claim that the KDOL and the KDOR were not immune from suit. It is clear that her complaint alleged that the state agencies violated her civil rights.

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State [or arms of the State] for alleged

---

[1] It appears from the record that Ms. Lewis believed herself to be due refunds of $125.00 for tax year 2001, $207.00 for tax year 2002, and $798.00 for tax year 2003.

deprivations of civil liberties.[2]  The Eleventh Amendment bars such suits unless the State has waived its immunity.

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

Exercising our appellate jurisdiction under 28 U.S.C. § 1291, we AFFIRM the district court's order dismissing Ms. Lewis' complaint for lack of subject matter jurisdiction for the reasons set forth in that order.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[2]     In determining whether an agency is protected by the Eleventh Amendment, . . . the critical inquiry is whether the entity is to be treated as an arm of the State partaking of the State's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend.  Such a determination is made by examining the powers, nature and characteristics of the agency under state law.

*Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (quotation and citation omitted) (holding that the Oklahoma Department of Health, the Oklahoma Council on Law Enforcement Education and Training, and the Oklahoma Attorney General's office were arms of the State of Oklahoma).  Ms. Lewis does not dispute the district court's determination that the KDOL and the KDOR are arms of the State of Kansas.